IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Troy Bowers | | CHAPTER 13 |
| | Debtor(s) | |
| BANK OF AMERICA, N.A. | Movant | |
| vs. | | NO. 18-18073 AMC |
| Troy Bowers | Debtor | |
| Bonita L. Bowers | Co-Debtor | 11 U.S.C. Section 362 and 1301 |
| Scott F. Waterman, Esq. | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.   The post-petition arrearage on the mortgage held by Movant on the Debtors' residence is **$7,909.95,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2019 through June 2019 at $1,454.31 each |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Less Post-Petition Suspense: | ($392.60) |
| **Total Post-Petition Arrears** | **$7,909.95** |

2.   Debtor(s) shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor(s) shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,909.95;**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $7,909.95 along with pre-petition arrears;

c). The 410A form shall not be required for this Amended or Supplemental Proof of Claim.

3.   Beginning with the payment due July 1, 2019 and continuing thereafter, Debtor(s) shall pay to Movant the present regular monthly mortgage payment of $1,454.31 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 3, 2019

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date:_____

/s/ Brenna Hope Mendelsohn, Esq.
Brenna Hope Mendelsohn, Esq.
Attorney for Debtor(s)

Date: 6/10/19

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

**Date: June 12, 2019**

_____
Bankruptcy Judge
Ashely M. Chan